United States District Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:10-1066 |
| | § | |
| FIDEL ELFEGO BOYSO-GUTIERREZ, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Fidel Elfego Boyso-Gutierrez's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). D.E. 124.

**I. BACKGROUND**

Defendant was convicted of possession with intent to distribute 3.69 kilograms of methamphetamine. He has served approximately 146 months (62%) of his 235-month sentence and has a projected release date, after good time credit, of July 20, 2027. He now moves the Court for compassionate release based on: (1) his debilitating medical conditions; (2) his conditions of confinement due to COVID-19; and (3) his rehabilitative efforts. Defendant's administrative request for compassionate release was denied by the warden on November 14, 2022.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

> earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
> > *(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

---

1. **(A) Medical Condition of the Defendant. –**
   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
   (ii) The defendant is—
      (I) suffering from a serious physical or medical condition,
      (II) suffering from a serious functional or cognitive impairment, or
      (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   **(B) Age of the Defendant. –**
   The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the

---

mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

3

offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

> With respect to motions for compassionate release based on COVID-19:
>
> > A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.

> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

### III. ANALYSIS

#### A. Extraordinary and Compelling Reasons

##### 1. Debilitating Medical Condition

Defendant states that he is 65 years old, and his multiple debilitating medical conditions (deviated nasal septum, infection in both eyes, loss of mobility, lower back pain, and post-COVID headache, loss of smell, loss of memory, insomnia, and "fastration") interfere with his ability to walk, work, shower, dress himself, read, and watch TV. He says he is confined to a "correctional chair" 50% of the time and to his bed 50% of the time.

Defendant's medical records show that he is an essentially healthy 64-year-old man. During his time in BOP custody, he has complained of a deviated septum, dry skin, and lower back pain, all of which appear resolved or well-controlled with medication. He has offered no evidence that he was ever diagnosed with COVID-19 or that he suffers from any medical condition that interferes with his activities of daily living or would otherwise qualify as extraordinary. A medical review performed by the BOP in response to his administrative request for compassionate release reached the same conclusion, finding that Defendant "ha[d] not been identified as having a medical condition that would substantially diminish [his] ability to function in a correctional facility, nor [did he] have any significant chronic medical issues at this time." D.E. 124-2, p. 1.

##### 2. Conditions of Confinement

Defendant next complains that the prison lockdown conditions due to COVID-19 have rendered his confinement harsher and more punitive than the Court anticipated at the time of

5

sentencing. With respect to motions for a sentence reduction based on COVID-19, "the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *United States v. Koons*, 455 F. Supp. 3d 285, 291 (W.D. La. 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

### 3. Rehabilitative Efforts

Finally, Defendant states that he is a model inmate with good conduct and no disciplinary record, and he has taken educational and rehabilitative classes to prepare for his release. Defendant has offered no evidence in support of this claim. Moreover, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

The offense of conviction involved the importation of a large quantity of methamphetamine from Mexico. As described in the Presentence Investigation Report:

> It is noted that the investigation involved cooperating sources, witnesses, and seizures. It was revealed that [Defendant] had smuggled bulk cash on several occasions beginning in 1999, and he was not prosecuted. Additionally, he has been associated with drug, money, and weapon seizures by way of having his business utilized or his Department of Transportation number utilized. While he is not held accountable for any of this activity for various reasons, investigations revealed that he has been associated with alien, money, weapons, and drug smuggling for many years.

PSR, D.E. 48, p. 5.

Based on the nature and circumstances of the offense of conviction, Defendant's history and characteristics, and the danger to the community that would be posed by his early release, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing

6

Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that a sentence reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with the applicable policy statements issued by the Sentencing Commission and § 3553(a). Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (D.E. 124) is therefore **DENIED**.

It is so **ORDERED** this 10th day of January, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE